# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SYLVESTER STANLEY,

    Plaintiff,

v.                                            Case No. CIV 05-0030 BB/DJS

PABLO PADILLA and JUDE LUJAN, in
their individual capacities, and THE CITY OF
ALBUQUERQUE,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. I TO
EXCLUDE INTERNAL AFFAIRS INVESTIGATIONS AND WITNESS TESTIMONY**

       Plaintiff Sylvester Stanley, by and through his attorney (Adam S. Baker), makes this response to Defendants' Motion in Limine No. I to Exclude Internal Affairs Investigations and Witness Testimony, filed June 29, 2006 (Doc. 58), and states the following.

### *I. Introduction*

       Plaintiff alleges that Albuquerque Police officers Pablo Padilla and Jude Lujan unlawfully stopped and detained him during a traffic stop on December 30, 2003. (*See* Pl.'s Am. Compl. ¶¶ 6-9, filed Aug. 9, 2005 (Doc. 21)). Plaintiff also alleges that Defendant Lujan used excessive force against him during the unlawful traffic stop. (*See id*. ¶¶ 13-14). On these grounds, Plaintiff asserts a § 1983 claim for unlawful detention against Defendants Lujan and Padilla and a § 1983 claim for excessive force against Defendant Lujan. (*See id*. ¶¶ 20-23, 25-28). Plaintiff also asserts state tort claims against Defendants Lujan and Padilla, and a claim for vicarious liability against Defendant City of Albuquerque. (*Id*. ¶¶ 30-34).

In their defense, Defendants Lujan and Padilla claim that they lawfully stopped and detained Plaintiff. (*See* Pretrial Order at 6, filed May 26, 2006 (Doc. 56) ("Defendants' Contentions")). Defendants' further contend that Plaintiff threw a cigarette out of the driver's side window after being requested to "put it out," that he refused to remove his hands from his pockets after being ordered to do so, and that he was "agitated, verbally abusive and noncompliant" during his encounter with the Defendants. (*Id.*)

During discovery, Plaintiff learned that Defendants Lujan and Padilla had been the subject of several other investigations by APD Internal Affairs. Specifically, a man named Patrick Williams alleged in IA Case No. CPC 103-03 that Defendants Lujan and Padilla, amongst other officers, beat him up during an arrest on June 21, 2003.[1] Two brothers, Jeffrey Mora and Steven Mora, alleged in IA Case No. 99-04 that Defendants Lujan and Padilla beat them up during the course of an arrest on April 25, 2004. Defendant Padilla was also implicated in the use of excessive force during an incident on December 21, 2003, in IA Case No. CPC 62-04. Defendants Lujan and Padilla were exonerated by IA at the conclusion of these investigations.

Defendant Lujan was also exonerated of an allegation of excessive force in IA Case No. CPC 064-03.[2] However, in the same investigation, the Independent Review Investigator sustained a procedural violation in a report dated June 17, 2003, based on a finding that Defendant Lujan failed

---

[1] Plaintiff submits these facts by way of proffer rather than by attaching the actual internal affairs files in order to avoid having to file those documents under seal. *See* Stipulated Protective Order filed Oct. 25, 2005 (Doc. 37).

[2] The Independent Review Investigator found that the evidence on the issue of excessive force was "50-50" and therefore found in Defendant Lujan's favor despite the fact that he failed to preserve his belt-tape recording, which was potentially key evidence relevant to his use of force.

to preserve a belt-tape recording he made during the incident. Defendant Lujan also testified at his deposition that he was previously reprimanded for failing to use a belt-tape recorder. (*See* Dep. Lujan at 25:20 to 26:12, attached as **Exhibit 1**). Similarly, Defendant Lujan told the IA investigator during the incident forming the basis of Plaintiff's complaint that he made a tape-recording during his encounter with Plaintiff, but failed to preserve the tape. (*See id.* at 72:8 to 73:6). Notably, APD's standard operating procedures require officers to make belt-tape recordings during confrontational situations, if possible. (*See id.* at 25:20 to 27:16).

Plaintiff may seek to introduce some, but not all, of the foregoing information contained in Defendants' IA files. The Court should deny Defendants' motion in limine to the extent set forth below.

## II.  Argument

**A.**     ***Plaintiff does not seek to introduce any evidence regarding prior allegations of excessive force against the individual Defendants during his case in chief.***

Due to Plaintiff's inability to locate witnesses Patrick Williams, Jeffrey Mora, Steven Mora, or Lawrence Mora for purposes of serving them with trial subpoenas, Plaintiff will not seek to call these witnesses at trial. Further, Plaintiff does not intend to seek the admission of the individual Defendants' IA files themselves. Plaintiff will not seek to introduce any evidence concerning prior allegations of excessive force against Defendants Lujan and Padilla during his case in chief. However, the Court should reserve ruling with regard to prior allegations of excessive force in the event that Defendants open the door to the use of such evidence by Plaintiff on cross-examination or rebuttal. Additionally, Plaintiff is entitled to inquire about certain information in the IA files on cross-examination of the individual Defendants or on rebuttal a set forth below.

**B.    Certain information from the individual Defendants' IA files is relevant and admissible.**

*i.    Prior inconsistent statements about the incident at issue.*

Both of the individual Defendants made statements during the IA investigation of the incident forming the basis of Plaintiff's complaint.  To the extent that either of the individual Defendants testifies at trial contrary to his earlier statement to IA, Plaintiff should be permitted to cross-examine that Defendant regarding his prior statement or introduce his IA statement as substantive evidence as an admission by a party opponent.  *See* Fed. R. Evid. 801(d)(2)(A) (providing that a statement is not hearsay if it is offered against a party and is the party's own statement).  Further, the individual Defendants' IA statements were much closer in time to the incident forming the basis of Plaintiff's complaint and, as such, are highly probative of the events at issue.  (*See* Ex. 1, Dep. Lujan at 72:2-5 (admitting his recollection of incident was better when he gave IA statement)).  Finally, the use of these statements is in no way unfairly prejudicial to Defendants, and may not be excluded under Fed. R. Evid. 403.

*ii.    Defendant Lujan's failure to preserve tape recordings.*

Defendant Lujan's failure to preserve a tape recording of his contact with a citizen who subsequently accused him of using excessive force in IA Case No. CPC 064-03 is relevant and admissible on several grounds.  Initially, Defendant Lujan also failed to preserve the tape recording he made during his encounter with Plaintiff despite Defendants' allegations that Plaintiff was "agitated, verbally abusive and noncompliant."  Further, Defendant Lujan admits that Plaintiff asked him for his name and badge number – a clear indication that this was not a run-of-the-mill encounter

because Plaintiff intended to complain about Defendant Lujan's conduct.[3]  (*See* Ex. 1, Dep. Lujan at 63:20 - 64:8). Under these circumstances, Defendant Lujan's failure to preserve the audio tape is problematic and even raises an inference of spoliation for which Plaintiff may be entitled to a jury instruction.  *See, e.g., Restaurant Mgmt. Co. v. Kidde-Fenwal, Inc.*, 1999-NMCA-101, ¶ 18, 127 N.M. 708, 986 P.2d 504 (discussing courts' inherent authority to impose "spoliation inference" whereby jury is instructed that it may consider that lost or destroyed evidence would be harmful to the party that failed to preserve evidence).

Further, evidence regarding Defendant Lujan's prior failure to preserve his belt-tape recording is relevant and admissible under Fed. R. Evid. 404(b).  First, evidence regarding Defendant Lujan's discipline for failing to preserve a tape recording is relevant to demonstrate Defendant Lujan's knowledge that he was required to make and preserve tape recordings under circumstances like those which arose during his encounter with Plaintiff.  *See* Fed. R. Evid. 404(b) (providing evidence of other wrongs or acts may be admissible for proof of knowledge).  Second, Defendant Lujan was exonerated of allegations that he used excessive force in Case No. CPC 064-03 even though the evidence against him was "50-50" and he had failed to preserve the tape recording of the incident.  (*See* n.2, *supra*).  That history provides strong circumstantial evidence that Defendant Lujan did not mistakenly erase the tape concerning his interaction with Plaintiff, as he claims he did.  *Id*. (providing evidence of other wrongs or acts may be admissible to prove absence of mistake).  Along these same lines, Defendant Lujan's intent and preparation to destroy the tape recording to avoid disciplinary action for losing his temper and using excessive force against Plaintiff.  *See* Fed.

---

[3]  In the IA investigation of the incident at issue, APD sustained allegations that Defendant Lujan failed to properly provide his name and badge number to Plaintiff.

R. Evid. 404(b) (providing evidence of other wrongs or acts may be admissible for proof of intent, preparation, or plan).

While Defendants have argued that an officer's subjective intention is usually not relevant to determining whether he is liable for a Fourth Amendment violation, (*see* Defs.' Mot. in Limine at 3-4), the Supreme Court has recognized two exceptions to this rule. First, "in assessing the credibility of an officer's account of the circumstances that prompted the use of force, a factfinder may consider, along with other factors, evidence that the officer may have harbored ill-will toward the citizen." *Graham v. Connor*, 490 U.S. 386, 399 n. 12 (1989). Here, Plaintiff, who is African-American, claims that Defendant Lujan was hostile towards him and used profane language throughout their encounter. However, Defendant Lujan's failure to preserve the tape recording of the encounter prevents the jury from hearing what truly transpired. Second, punitive damages are generally available in an action pursuant to § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Here, Defendant Lujan's failure to preserve tape recordings is also relevant to the issue of punitive damages.

Given the obvious probative value of this evidence, it would be improper to exclude it under Rule 403. Fed. R. Evid. 403 (providing that evidence may be excluded where its probative value is "substantially outweighed" by a danger of unfair prejudice, confusion of the issues, or misleading the jury). Plaintiff intends to introduce this evidence solely through the cross-examination of Defendant Lujan or on rebuttal, if necessary. The parties do not dispute that Defendant Lujan failed to preserve the tape recording of his encounter with Plaintiff, and Plaintiff only seeks the right to present evidence to rebut Defendant Lujan's claim that his failure to do so was completely innocent.

6

### *III. Conclusion*

Plaintiff does not seek to introduce evidence from the individual Defendants' IA files concerning allegations of excessive force, except as they relate to Defendant Lujan's failure to preserve his belt-tape recording in Case No. CPC 064-03. This evidence is relevant and admissible, because it helps to put Defendant Lujan's failure to preserve his belt-tape recording of his interaction with Plaintiff in the context expressly permitted under Rule 404(b). This evidence is not unfairly prejudicial, nor will it lead to a confusion of the issues or misleading the jury. Plaintiff only seeks to inquire about these matters on cross-examination or in rebuttal, if necessary. For these reasons, the Court should deny Defendants' motion in limine to the extent stated herein.

        Respectfully submitted,

        <u>Electronically filed</u>
        ADAM S. BAKER
        MAESTAS, BAKER, BOOTHBY & WARREN, P.C.
        224 Cruz Alta Rd., Ste. H
        Taos, NM 87571
        (505) 737-0509

        PAUL J. KENNEDY
        MARY Y. C. HAN
        KENNEDY & HAN, P.C.
        201 Twelfth St., N.W.
        Albuquerque, NM 87102
        (505) 842-8662

        *Attorneys for Plaintiff*

I hereby certify that a copy of the foregoing
was mailed to:

Catherine Arlowe, Esq.
City of Albuquerque Legal Department
Attorneys for Defendants
P.O. Box 2248
Albuquerque, NM 87103

this 17th day of July, 2006.

<u>Electronically filed</u>
Adam S. Baker