IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SYLVESTER STANLEY,

    Plaintiff,

v.                                                                                          Case No. CIV 05-0030 BB/DJS

PABLO PADILLA and JUDE LUJAN, in
their individual capacities, and THE CITY OF
ALBUQUERQUE,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION IN LIMINE NO. II TO EXCLUDE SOPS**

    Plaintiff Sylvester Stanley, by and through his attorney (Adam S. Baker), makes this response to Defendants' Motion in Limine No. II to Exclude SOPs, filed June 29, 2006 (Doc. 59), and states the following.

*I. Introduction*

    Plaintiff alleges that Albuquerque Police officers Pablo Padilla and Jude Lujan unlawfully stopped and detained him during a traffic stop on December 30, 2003. (*See* Pl.'s Am. Compl. ¶¶ 6-9, filed Aug. 9, 2005 (Doc. 21)).  Plaintiff also alleges that Defendant Lujan used excessive force against him during the unlawful traffic stop. (*See id*. ¶¶ 13-14).  On these grounds, Plaintiff asserts a § 1983 claim for unlawful detention against Defendants Lujan and Padilla and a § 1983 claim for excessive force against Defendant Lujan. (*See id*. ¶¶ 20-23, 25-28).  Plaintiff also asserts state tort claims against Defendants Lujan and Padilla, and a claim for vicarious liability against Defendant City of Albuquerque. (*Id*. ¶¶ 30-34).

In their defense, Defendants Lujan and Padilla claim that they lawfully stopped and detained Plaintiff. (*See* Pretrial Order at 6, filed May 26, 2006 (Doc. 56) ("Defendants' Contentions")). Defendants' further contend that Plaintiff threw a cigarette out of the driver's side window after being requested to "put it out," that he refused to remove his hands from his pockets after being ordered to do so, and that he was "agitated, verbally abusive and noncompliant" during his encounter with the Defendants. (*Id.*)

In their second motion in limine, Defendants seek an order excluding all evidence of any standard operating procedures promulgated by the Albuquerque Police Department. Specifically, Defendants seek to exclude any evidence regarding SOP § 2-52-2A (regarding use of force). (Defs.' 2nd Mot. In Limine at 4-6). Plaintiff does not seek to introduce any evidence concerning the standard operating procedures regarding the use of force given the Tenth Circuit's admonition that a police officer's use of force must be measured by the standard of objective reasonableness rather than by comparison to an agency's standard operating procedures. (*See id.* at 3 (citing cases)). However, there are some standard operating procedures which may be relevant and admissible, and the Court should therefore reserve ruling on these issues until the evidence is more fully developed at trial. Alternatively, the Court should deny Defendants' motion to allow admission of evidence concerning the following standard operating procedures.

## II. Argument

A.  ***Plaintiff should be permitted to cross-examine the individual Defendants about SOP regarding tape recordings and preservation of evidence.***

As set forth in Plaintiff's response to Defendants' Motion in Limine I, there are issues surrounding Defendant Lujan's failure to preserve the tape recording he made during Defendants'

2

encounter with Plaintiff which are relevant to Defendant Lujan's knowledge, absence of mistake, intent, and preparation. (*See* Pl.'s Resp. Defs.' Mot. in Limine I at 4-6). As such, the standard operating procedure regarding tape recordings and preservation of evidence are relevant and admissible. There is no risk that this evidence will cause unfair prejudice, confusion of the issues, or misleading the jury, because a reasonable jury could not possibly conflate these particular standard operating procedures with the required constitutional analysis. Rather, questions concerning these standard operating procedures would only be addressed to the weight to be given to the parties' evidence.

B.     *Other SOPs may be relevant and admissible under Rule 404(b).*

Depending on the manner in which the evidence in this case develops, other standard operating procedures may be relevant and admissible under Rule 404(b). For example, there is an issue regarding whether the individual Defendants called dispatch upon stopping Plaintiff as required under the standard operating procedures. If not, Defendants' failure to follow standard operating procedure would be relevant their preparation or plan to stop Plaintiff without detection or oversight by their supervisors.[1] Also, neither of the individual Defendants wrote Plaintiff any citations or wrote a report regarding their encounter with Plaintiff. As such, the standard operating procedure regarding an officer's obligation to write reports may be relevant to their knowledge or intent to obfuscate an investigation of Plaintiff's allegations.

---

[1] There is also an issue whether the individual Defendants were in their jurisdiction when they observed Plaintiff driving and stopped him.

### *III. Conclusion*

Given the numerous evidentiary issues that may arise at trial, together with Plaintiff's stipulation that he will not seek to introduce evidence concerning the standard operating procedure governing the use of force, the Court should reserve ruling on the issues raised in Defendants' second motion in limine until the evidence is more fully developed at trial.  Alternatively, the Court should deny Defendants' motion to allow Plaintiff to cross-examine the individual Defendants' regarding those standard operating procedures relevant to the manner in which they conducted their investigation in this case.

Respectfully submitted,

Electronically filed
ADAM S. BAKER
MAESTAS, BAKER, BOOTHBY & WARREN, P.C.
224 Cruz Alta Rd., Ste. H
Taos, NM 87571
(505) 737-0509

PAUL J. KENNEDY
MARY Y. C. HAN
KENNEDY & HAN, P.C.
201 Twelfth St., N.W.
Albuquerque, NM 87102
(505) 842-8662

*Attorneys for Plaintiff*

I hereby certify that a copy of the foregoing was mailed to:

Catherine Arlowe, Esq.
City of Albuquerque Legal Department
Attorneys for Defendants
P.O. Box 2248
Albuquerque, NM 87103

this 17th day of July, 2006.

Electronically filed
Adam S. Baker